**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | **Case No:  22-31780-swe13** | |
| **GEORGE DALE WIGINGTON** | § | **Chapter No: 13** | |
| | § | | |
| Debtor | § | | |

## DEBTOR'S SECOND MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE U.S. BANKRUPTCY COURT:

COMES NOW GEORGE DALE WIGINGTON ("**Debtor**") who files this Second

Motion for Summary Judgment and for cause shown below, requests that the Court grant the

relief requested herein.

### I. Procedural History

In a hearing on January 9, 2024, the Court denied Debtor's Partial Motion for Summary

Judgment. At that time, the Court indicated that it was willing to reconsider the Motion and U.S.

Bank's Motion for Summary judgment if requested by the movants. Since that time discovery

has been conducted and completed. Debtor is requesting the Court to reconsider the issues

presented in Debtor's Partial Motion for Summary Judgment.  This Motion is presented as a

Second Motion for Summary Judgment because Debtor seeks added relief beyond that in the first

summary judgment motion, specifically items C-J below. The Scheduling Order entered on

January 30, 2024 included a new deadline for dispositive motions, thus permitting a second

summary judgment motion in this proceeding.

### II. Summary

Debtor requests the Court grant findings that:
  A.  U.S. Bank's Mortgage Debt Claim is Barred by Res Judicata (Claim Preclusion);

B.  U.S. Bank is Barred from Relitigating Whether Debtor Made All Mortgage Payments Required Under the Plan by Collateral Estoppel (Issue Preclusion);

C.  Debtor's Chapter 11 Plan Required That the Entire Mortgage Debt be Paid Under the Plan;

D.  Any Rule 60(b)(4) Constitutional Notice Affirmative Defense is Barred by Res Judicata;

E.  That U.S. Bank Cannot Make a Showing Sufficient to Establish that Nationstar did not have Constitutional Notice to Support a Rule 60(b)(4) Constitutional Notice Affirmative Defense;

F.  That Nationstar was Provided Actual Constitutional Notice;

G.  That Nationstar was Provided Constitutional Notice Because the Means Employed by Debtor to Provide Notice to Nationstar Was Such as One Desirous of Actually Informing the Absentee Might Reasonably Adopt to Accomplish it;

H.  That Under the Conditions Here, Notice to Citimortgage, the Record Claimholder, Satisfied Nationstar's Constitutional Notice Requirements;

I.  That Bankruptcy Rule 3001(e)(2) Was Still Applicable at the Time That Nationstar Became Servicer;

J.  That Meaningful Compliance with Bankruptcy Rule 3001(e)(2) by Nationstar Was Not Impossible Because the Case Had Been Closed;

K.  That In Order to Change the Payee and/or Payment Address for the Mortgage Claim Either (1) Nationstar had to File a Transfer of Claim or (2) Citimortgage was Required to Amend the Proof of Claim by Section 10.07 of the Chapter 11 Plan.


## OTHER

The legal or factual grounds on which Debtor relies will be included in Debtor's Brief Supporting this Motion.

Citations to each page of the appendix that supports each assertion that Debtor makes concerning the summary judgment evidence will be set forth in Debtor's brief.


## PRAYER

WHEREFORE, Debtor prays that the Court grant Debtor's Motion for Summary Judgment and

1)  Make the Findings Requested above;

2)  Disallow U.S. Bank's Claim in Full;

3)  Order U.S. Bank to return all payments to the Trustee for return to Debtor, and

4)  Grant general relief and all other relief as may be just and proper in the premises.

Respectfully submitted,

Dated: October 11, 2024

/s/ George Dale Wigington
George Dale Wigington
Pro Se
State Bar No.: 24091665
Dalewig10@verizon.net
2451 Elm Grove Road
Wylie, TX 75098
469-235-1482

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been served upon the parties below on October 11, 2024 by mailing a copy of same to them via first-class mail or through the court's CM/ECF electronic mail (Email) system.

/s/ George Dale Wigington
George Dale Wigington

Tricia Ann Morra
Attorney for NewRez LLC d/b/a Shellpoint Mortgage Servicing
as servicer for US Bank Trust National Association, Not In Its
Individual Capacity But Solely As Owner Trustee for VRMTG
Asset Trust
tmorra@raslg.com