Tricia Ann Morra, TXBN 24117700
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
5601 Executive Drive, Suite 400
Irving, TX 75038
817-873-3080 Ext 53156
tmorra@raslg.com
Attorney for Secured Creditor

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 22-31780-swe13 |
| | CHAPTER 13 |
| **George Dale Wigington** | |
| *dba* **Law Office of G.D. Wigington PLLC,** | |
| **Debtor.** | |
| _____/ | |

**SECURED CREDITOR'S AMENDED**
**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Pursuant to the Scheduling Order, US BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR VRMTG ASSET TRUST ("Secured Creditor"), by and through its undersigned counsel, respectfully submits this Proposed Findings of Fact and Conclusions of Law in support of its response in opposition to Debtor's Objection to Proof of Claim, and in support thereof states as follows:

**FINDINGS OF FACT**

1. Promissory Note and Deed of Trust information:

    a. On December 29, 2004, Debtor, George Dale Wigington, and Teresa Lynn Wigington, executed a Promissory Note and Deed of Trust securing payment of the Note in the amount of $216,000.00, at 5.00% interest, with a maturity date of January 1, 2025.

Secured Creditor's Proof of Claim, Claim 5-1, includes copies of the Promissory Note and Deed of Trust.

b. Per the Promissory Note signed by Debtor, "3. PAYMENTS", payments are to be made at "4242 N. Harlem Avenue, Norrige, IL 60706, ATTN: Cashiering, <u>or at a different place if required by the Note Holder.</u>". Promissory Note, pg. 1, section 3.

c. Per the Deed of Trust signed by Debtor, "1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges", "<u>Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15.</u>". Deed of Trust, pg. 2, section 1.

2. This property is Debtor's primary residence and is located at 2451 Elm Grove Road, Wylie, Texas 75098.

3. US Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust is the current secured creditor. Secured Creditor's Proof of Claim, Claim 5-1, includes copies of the loan documents and assignments of the deed of trust.

4. NewRez LLC dba Shellpoint Mortgage Servicing is the current servicer. See Secured Creditor's Proof of Claim, Claim 5-1, pg. 1, section 3. See Debtor's Exhibit D60 for transfer notice.

5. The secured creditor and servicer have changed throughout the loan term.

6. Debtor's relevant bankruptcy and adversary cases are outlined below:

a. George D Wigington and Teresa L Wigington, Chapter 13 converted to Chapter 11, Eastern District of Texas, Sherman Division, Bankruptcy Case 11-41092.

    b. George Dale Wigington, Chapter 13, Eastern District of Texas, Sherman Division, Bankruptcy Case 18-42230.

    c. George Dale Wigington v. Nationstar Mortgage LLC D/B/A Mr. Cooper, Eastern District of Texas, Sherman Division, Adversary Proceeding 19-04074.

    d. George Dale Wigington dba Law Office of G.D. Wigington PLLC, Chapter 13, Northern District of Texas, Dallas Division, Bankruptcy Case 22-31780-swe13.

7. In April 2011, Debtor and Teresa Lynn Wigington filed a Chapter 13 bankruptcy, Bankruptcy Case 11-41092, which was converted in April 2012 to Chapter 11.

8. Debtor's Confirmed Chapter 11 Plan provided for Secured Creditor's claim per the terms of the contract, except for a minuscule arrearage that was to be paid over 24 months. Debtor was to continue to pay the ongoing monthly mortgage payments in accordance with the existing contract. All terms of the pre-petition contract remained unchanged. The exact treatment is pasted below. See Class Two, Section 3.32, in Debtor's Confirmed Chapter 11 Plan.

> **3.32. Class Two – Secured Claim of Citi-Mortgage.** (Individual Debtors' homestead at 2451 Elm Grove, Wylie, Collin County, Texas) The Allowed Secured Claim of CitiMortgage on the Debtors' home shall be paid in accordance with the existing contract with CitiMortgage. All terms of the pre-petition contract remain unchanged except as modified herein and will be considered current upon confirmation. The Arrearage Amount of $1,065.31 shall be paid in regular monthly payments over a period not to exceed 24 months from the Effective Date. The arrearage claim shall accrue interest from the effective date until paid in full. Arrearage payments shall be applied exclusively to arrearage claim. Citi-Mortgage shall retain their lien until their Allowed Secured Claim including Arrearage is paid in full. Class Two is impaired and is allowed to vote in Class 2.

9. The Order Confirming Debtor's Chapter 11 Plan Treatment did not modify the above treatment. See Order Confirming Chapter 11 Plan, entered on June 4, 2013, docket 338, Case 11-41092.

10. On November 3, 2014, Debtor's Chapter 11 was provisionally closed. The Order Provisionally Closing Debtor's Chapter 11 states:

> [A]ll payments under a confirmed Chapter 11 plan be completed as a prerequisite to the entry of an order of discharge for an individual Chapter 11 debtor. **In this district, that discharge process is initiated by the filing of a "Notice of Plan Completion by Individual Debtor in a Chapter 11 Case" [TXEB Local Form 4004-b] which thereafter triggers other duties of a Chapter 11 individual debtor to submit required statements under penalty of perjury**. (emphasis added).

See Order Provisionally Closing Debtor's Chapter 11, entered on November 3, 2014, docket 425, Case 11-41092.

11. While Debtors' Chapter 11 case was provisionally closed, Debtors' loan was transferred from CitiMortgage to Nationstar Mortgage LLC, in August 2016. See Debtor's Exhibit D58.

12. Debtors received a Notice of Servicing Transfer from Nationstar dated August 29, 2016, and this notice provided identifying information including Debtor's loan number with CitiMortgage and Debtor's new loan number with Nationstar, the transfer date effective August 16, 2016, directions to send payments to Nationstar's new payment address, Nationstar's contact information, a frequently asked questions and answer section. See Debtor's Exhibit D58.

13. The Notice of Servicing Transfer included a list of frequently asked questions and answers about transfers of mortgage loan servicing, and question # 2 asked: "I already sent my payment to my previous servicer. Will my payment be forwarded to Nationstar?" The answer to question # 2 is: "Yes. Your previous servicer will forward the payment to Nationstar and we will creditor it to your loan. However, sixty (60) days after the transfer they may no longer provide this service and the payment may be returned to you." See Debtor's Exhibit D58, pg. 4.

14. Even though Debtors received Nationstar's Notice of Servicing Transfer, which provided explicit instructions to pay Nationstar going forward, Debtors continued to send payments to CitiMortgage.

15. After the Servicing Transfer, all except three or four payments Debtors sent to CitiMortgage, were returned to Debtors, uncashed. The funds never left Debtors account. Debtor has stated this fact, time and time again.

16. While Debtors' Chapter 11 was provisionally closed, Debtors' attorney received at least one letter from Nationstar that identified an existing default on Debtors' loan. This letter, from February 2017, identifies Debtors by name, and it identifies their loan number, the property address, a default, and the Chapter 11 case number. See Debtor's Exhibit D68.

17. Debtors' attorney also received other notices from Nationstar identifying Debtors' names, loan number, property address; all notices identified a relationship between Debtors and Nationstar. See Debtor's Exhibit D65, D68.

18. Nationstar was a known creditor. See Debtor's Exhibit D58, D65, D68 for a few notices that show this relationship between Debtor and Nationstar.

19. Debtors even filed a State Court action against Nationstar in June 2017 to prevent Nationstar from foreclosing on their property. See Debtor's Exhibit D38 Judge Rhoades's Order, pg. 6.

20. While the state court litigation was pending against Nationstar, Debtors moved to reopen their Chapter 11 case on November 1, 2017. See Debtor's Exhibit D38 Judge Rhoades's Order, pg. 6.

21. Debtors' Motion to Reopen and Notice of Plan Completion were filed on November 1, 2017, and these documents started the discharge process and triggered the Notice of Intent to Issue Order of Discharge. See Motion to Reopen and Notice of Plan Completion, filed on November 1, 2017, dockets 429 and 430 respectively, Case 11-41092.

22. As part of the discharge process, George Dale Wigington and Teresa Lynn Wigington each executed and filed the "Notice of Plan Completion and §522(q) Statement by Individual

Debtor in a Chapter 11 Case". See Notice of Plan Completion, filed on November 1, 2017, docket 430, Case 11-41092.

23. George Dale Wigington reviewed and executed a Notice of Plan Completion. See Notice of Plan Completion, pg. 1, filed on November 1, 2017, docket 430, Case 11-41092.

24. Teresa Lynn Wigington reviewed and executed a Notice of Plan Completion. See Notice of Plan Completion, pg. 2, filed on November 1, 2017, docket 430, Case 11-41092.

25. The Notice of Plan Completion clearly states that it is signed under penalty of perjury. See Notice of Plan Completion, filed on November 1, 2017, docket 430, Case 11-41092.

26. Both Debtors signed separate Notices under penalty of perjury and declared that they "have tendered all payments to creditors required to be tendered by me under the provisions of the confirmed Chapter 11 plan in this case". See Notice of Plan Completion, filed on November 1, 2017, docket 430, Case 11-41092.

27. What Debtors did not disclose to the Court is that while their Chapter 11 was provisionally closed, in August 2016, their mortgage loan was transferred from CitiMortgage to Nationstar Mortgage LLC, that they never made a single payment to Nationstar, and that all payments sent to CitiMortgage, except for three or four payments, after the transfer were returned to Debtors. See Debtor's Exhibit D58 for the Notice of Servicing Transfer, D38 for Judge Rhoades's Order, pg. 5.

28. Also, Debtors knew of the transfer and chose not to update the Creditor Matrix with Nationstar's address so Nationstar never received notice of the Notice of Plan Completion and §522(q) Statement by Individual Debtor in a Chapter 11 Case. See creditor matrix service list included with the filed document, docket 429 and docket 430, Case 11-41092.

29. Relying on Debtors' fraudulent declarations that they tendered all payments as required

under their Chapter 11 plan, the Court filed the Notice of Intent to Issue Order of Discharge for an Individual Debtor in a Chapter 11 Case and served it on the creditor matrix. The introductory paragraph of this Notice is directly below.

> A Notice of Plan Completion has been filed by George D Wigington and Teresa L Wigington, the Chapter 11 Debtor(s), in the above−referenced case. Such Notice verifies to the Court that each of the above−referenced individual debtors in this case has completed all payments under the confirmed Chapter 11 plan and alleges that each of the above−referenced debtors are entitled to an entry of an order of discharge pursuant to 11 U.S.C. Section 1141(d)(5). However, the verification is subject to review by all creditors and parties−in−interest, and other prerequisites to the issuance of a Chapter 11 discharge to an individual debtor may not have yet been fulfilled…

For content and creditor matrix service list, see Notice of Intent to Issue Order of Discharge for an Individual Debtor in a Chapter 11 Case, filed on November 3, 2017, docket 433, Case 11-41092.

30. Debtors' attorney did not update the creditor matrix.

31. Debtors did not update the creditor matrix.

32. Debtors' attorney did not serve the filed bankruptcy documents on Nationstar, a known creditor.

33. Debtors also did not serve the filed bankruptcy documents on Nationstar, a known creditor.

34. Based on both Debtors' fraudulent Notices signed under penalty of perjury, and no creditor objection to the Notices, the Court entered the Discharge Order on December 17, 2017 and the Final Decree on February 1, 2018. See Notice of Intent to Issue Order of Discharge for an Individual Debtor in a Chapter 11 Case, filed on November 3, 2017, docket 433, Discharge Order, entered on December 17, 2017, docket 440, Final Decree, filed on February 1, 2018, docket 442, Case 11-41092.

35. Important to note that in December 2017, Debtor graduated from law school. Debtor is an

attorney licensed to practice law in the state of Texas, and has held an active license since January 2018. See State Bar of Texas site, Debtor's dba on the docket for the current Chapter 13 case, and Debtor's statements.

36. In October 2018, Nationstar scheduled a foreclosure sale due to Debtor's continued mortgage payment default. Debtor, representing himself, filed his 2018 Chapter 13 case, Bankruptcy Case 18-42230, to stop the foreclosure sale. See Debtor's Eastern District of Texas Bankruptcy Court docket case 18-42230.

37. Debtor's confirmed plan paid Secured Creditor's claim as a total debt, but this bankruptcy case was dismissed in April 2021 and only $12,837.70 was paid on the claim per NDC. See Debtor's Confirmed plan, filed on November 5, 2018, docket 15, and Order Confirming Chapter 13 Plan, entered on April 22, 2019, docket 30, case 18-42230.

38. On August 23, 2019, Debtor filed an adversary complaint titled Objection to Proof of Claim 4-1 of Nationstar Mortgage LLC d/b/a Mr. Cooper; Action to Determine the Validity, Priority, and Extent of Lien, and Complaint against Nationstar, Adversary Case 19-04074.

39. This adversary was heavily litigated for longer than three years, and numerous amended complaints were filed, discovery was propounded, dismissal orders and motions to vacate those dismissal orders were filed, and an appeal of the dismissal order was even filed. See Debtor's Eastern District of Texas Bankruptcy Court adversary docket, case 19-04074.

40. In Judge Rhoades's detailed Memorandum Opinion entered on August 10, 2020, at docket entry 65, related to Nationstar's and SPS's Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Judge Rhoades outlined legally why Debtor's legal claims in his complaint were incorrect and dismissed those claims on the merits. See Debtor's Exhibit D38.

41. Debtor, representing himself, filed the current Chapter 13 on September 28, 2022.

42. Debtor's confirmed Chapter 13 Plan provides for Secured Creditor's claim in full as a total debt claim in the amount of $156,343.11. See current case docket for Debtor's Amended Chapter 13 Plan filed on March 2, 2023, docket 58, and Order Confirming Chapter 13 Plan entered on April 7, 2023, docket 66.

43. As of January 20, 2025, Debtor has paid $61,003.83 in principal and $15,271.57 in interest on Secured Creditor's claim.

44. The trial is related to this same claim, this claim that is being paid as a total debt; the same claim that Debtor says he already paid in full in 2017, he continues to pay.

45. If it is discovered that improper fees and costs posted to Debtor's loan, Secured Creditor will immediately remove them.

## CONCLUSIONS OF LAW

46. The United States Bankruptcy Court for the Northern District of Texas has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334.

47. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

48. This is a core proceeding under 28 U.S.C. § 157 as to which this Bankruptcy Court may enter findings of fact and a final order or judgment.

49. When a confirmed Chapter 11 Plan pays a secured creditor's claim according to the existing pre-petition contract, the existing pre-petition contract terms remain in place.

50. The note holder may require payments be sent to a different place, per the Promissory Note.

51. Payments are deemed received by the lender when the payments are received at the location designated in the Note or such location as designated, per the Deed of Trust.

52. Debtor failed to meet his burden of proof to show the correct party received payments at the correct location, as designated by the loan documents.

53. Transfers of Claims and Notice of Servicing Transfers are not required to be filed in provisionally closed Chapter 11 cases.

54. Under Fed. R. Civ. Pro. 60(b), if the Court determines a final order was procured by a fraud upon the court, the Court can *sua sponte* vacate the final order or relieve a party from its finality.

55. "To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." First Nat'l Bank of Louisville v. Lustig, 96 F.3d 1554, 1573 (5th Cir. 1996).

56. When two debtors, one of which who is months away from receiving his license to practice law, prepare and executed knowingly fraudulent documents under penalty of perjury and file said documents in their bankruptcy case for the Court to rely on to enter their Discharge Order, they commit a fraud upon the court. Add the failure to notice a known creditor and failure to serve the filed documents on the known creditor, this strengthens Secured Creditor's argument.

57. Secured Creditor has met its burden of proof by clear and convincing evidence that Debtor committed a fraud upon the Court.

58. Due process of the law is fundamental to the United States' legal system. Greene v. Lindsey, 456 U.S. 444, 449-50 (1982) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).

59. The Fifth Amendment of the United States Constitution applies the due process requirement to bankruptcy cases. *Id.*

60. Due process requires proper notice and service of process so that a party has the opportunity to be heard. Gee v. Texas, No. 3:18-cv-2681-G-BN (N.D. Tex. Dec 10, 2018) (quoting

Borne v. River Parishes Hosp., L.L.C., 548 F. App'x 954, 958 (5th Cir. 2013)).

61. As the Supreme Court stated in *New York v. New York, N.H. & H.R. Co.*, "even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred." New York v. New York, N.H. & H.R. Co., 344 U.S. 293, 301 (1953).

62. Known creditors of debtors must receive formal notice of all important stages of the reorganization process so that they may take steps necessary to protect their interests. See Melson v. Maronda Homes, Inc. (In re Maronda Homes, Inc.), Bankr. Case No. 11-22418 (JKF), 6 (Bankr. W.D. Pa. Mar. 11, 2013); In re Harbor Tank Storage Co., 385 F.2d 111, 115 (3d Cir. 1967).

63. If improper service or no formal notice causes a default order to be entered, the order is void and the Court must grant a Fed. R. Civ. Pro. 60(b)(4) motion. The passage of time will not change a void order into a valid order. Jackson v. Fie Corp., 302 F.3d 515 (5th Cir. 2002); see also Norris v. Causey, 869 F.3d 360, 365 (5th Cir. 2017).

64. "We have previously explained that Rule 60(b)(4) "embodies the principle that in federal court, a 'defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds.' We have also recognized two circumstances in which a judgment may be set aside as void under Rule 60(b)(4): (1) if the court lacked subject matter or personal jurisdiction; and (2) if the court acted in a manner inconsistent with due process of law." LMC Props. v. ProLink Roofing Sys., 23-11090 (5th Cir. Oct 09, 2024), citing Jackson v. FIE Corp., 302 F.3d 515, 522 (5th Cir. 2002).

65. Debtors have a continuing duty to keep their creditor matrix updated throughout the reorganization process.

66. When Debtor admits the creditor matrix was not updated with the known creditor information, and none of the filed documents include the known creditor in the service list, the known creditor has met its burden of proof to show that its due process rights were violated.

67. Debtor failed to meet his burden of proof to show the correct party received payments at the correct location, as designated by the loan documents, and that the calculation of the principal balance is incorrect.

68. Secured Creditor met its burden of proof by clear and convincing evidence that Debtor committed a fraud upon the Court.

69. Secured Creditor met its burden of proof to show that its predecessor in interest's, a known creditor, due process rights were violated when Debtor admitted the creditor matrix was not updated with the known creditor information and none of the filed documents include the known creditor in the service list.

70. Secured Creditor is the holder of the note.  Fifth Circuit case law does not require Secured Creditors to provide evidentiary proof when borrowers challenge note endorsements.

Date:   January 26, 2025

                          Respectfully submitted,

                          */s/ Tricia Ann Morra*
                          Tricia Ann Morra, TXBN 24117700
                          Robertson, Anschutz, Schneid, Crane & Partners, PLLC
                          5601 Executive Drive, Suite 400
                          Irving, TX 75038
                          817-873-3080 Ext 53156
                          tmorra@raslg.com
                          Attorney for Secured Creditor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 26, 2025, I caused a true and exact copy of the foregoing, which was filed with the Clerk of Court, to be served either via CM/ECF, to those so authorized, or via United States Mail to the following parties:

**Dale Wigington**
Dale Wigington
2451 Elm Grove Road
Wylie, TX 75098

*Trustee*
**Thomas Powers**
105 Decker Court, Ste 1150
Irving, TX 75062

**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75202

/s/ *Tricia Ann Morra*
Tricia Ann Morra