**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No: 22-31780-swe13 |
| **GEORGE DALE WIGINGTON** | § | Chapter No: 13 |
| | § | |

**MOTION FOR CONTINUANCE OR SUSPENSION OF PROCEEDINGS**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

COMES NOW GEORGE DALE WIGINGTON ("**Debtor**") who files this Motion for Continuance or Suspension of Proceedings and would respectfully show unto the Court as follows.

**BACKGROUND**

1. The Trustee filed its Trustee's Recommendation Concerning Claims on 5/18/2023.

2. Debtor filed a combined Objection to Claim and Objection to Trustee's Recommendation Concerning Claims on 6/20/2023.

3. The hearing on Trustee's Recommendation Concerning Claims has been continued up to 10/30/2025 pending the final order on Debtor's Objection to Claim.

4. The Court issued its Order Overruling Debtor's Objection to Claim (the "Order") on 10/06/2025.

5. Debtor filed a Motion to Amend the Order Overruling Debtor's Objection to Claim on 10/20/2025. This motion is still pending, no response has been filed, and the Court has not set a hearing or ruled on the motion.

**ARGUMENT**

6. Rule 8007 provides that a party may file a motion in the bankruptcy court to suspend the continuation of other proceedings in the bankruptcy course before or after an appeal is filed. Rule 8007(a)(1)(D), (a)(2), and (e).

7. Debtor requests the Court suspend the hearing on Trustee's Recommendation Concerning Claims until (1) the expected appeal is completed or (2) the Motion to Amend is determined.

8. Although the Order is final, it contains a fundamental error (in addition to the legal and factual errors described in the Motion to Amend.)

9. The Order ruled on an issue that neither party pled, alleged, or briefed. Nor did either party submit any evidence relative to the issue.

10. The Order's determination of Debtor's estoppel claims relative to the Discharge Order by finding that Nationstar reasonably relied on promises contained in the Chapter 11 Plan.

11. U.S. Bank's sole contention was that formal notice was required, they did not plead, argue, or present evidence that Nationstar had relied on any promise made by Debtor or that such reliance was reasonable.

12. This issue was raised by the Court in its Order. The record contains no evidence that Nationstar relied on any statement by Debtor.

13. Debtor objects to the Court's raising of this issue post-trial.

14. At the very least, a court must give notice and a reasonable time to respond before deciding an issue on grounds not raised by either party. See e.g. Rule 56(f)(incorporated by Rule 7056)("After giving notice and a reasonable time to respond, the court may . . . grant the motion on grounds not raised by a party.").

15. Here, the Order is the notice and cannot be considered final until the Court re-decides the issue after giving Debtor a chance to respond.

16. Therefore, the approval of the Trustee's Recommendation Concerning Claims is premature because it is necessarily based on the Order Overruling Debtor's Objection to Claim and, per rule, the Court is prohibited from deciding the issue prior to notice and a chance to respond.

## PRAYER

WHEREFORE, Debtor prays that the Court:

(1) grant a continuance until a determination of Debtor's Motion to Amend, or
(2) suspend the hearing until Debtor's expected appeal is determined, and
(3) grant general relief and all other relief as may be just and proper in the premises.

Respectfully submitted,

Dated: October 30, 2025

/s/ George Dale Wigington
George Dale Wigington
Pro Se
State Bar No.: 24091665
Dalewig10@verizon.net
2451 Elm Grove Road
Wylie, TX 75098
469-235-1482

## CERTIFICATE OF CONFERENCE

Debtor conferred with the Trustee's office on 10/30/2025. The Trustee is opposed to this motion.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the parties in interest shown below on October 30, 2025 by mailing a copy of same to them via first class mail or through the court's CM/ECF electronic mail (Email) system.

/s/ George Dale Wigington
George Dale Wigington

Tricia Ann Morra
Attorney for NewRez LLC d/b/a Shellpoint Mortgage Servicing
as servicer for US Bank Trust National Association, Not In Its
Individual Capacity But Solely As Owner Trustee for VRMTG
Asset Trust
tmorra@raslg.com
Trustee, Thomas Powers